

FILED

2009 NOV -6  PM 2: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   MEGAN ROSS HUTCHINS, ESQ., SBN 227776
3  MHUTCHINS@MICHAELTRACYLAW.COM
   LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
5  Irvine, CA  92614
6  T: (949) 260-9171
   F: (866) 365-3051
7
8  Attorneys for Plaintiff JOSHUA GOLD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOSHUA GOLD, an individual, on behalf of himself and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General<br><br>       Plaintiff,<br><br>       vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, A UNITED STATES CORPORATION;  and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.:  CV09  08169  MMM  (JEMx)<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS,   AND UNFAIR BUSINESS PRACTICES**<br><br>**PRIVATE ATTORNEY GENERAL CLAIMS FOR UNPAID OVERTIME, MISSED MEAL BREAKS, IMPROPER PAY STUBS, AND IMPROPER RECORD KEEPING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOSHUA GOLD, alleges:

## JURISDICTION

1.     This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

-1-

COMPLAINT FOR LABOR VIOLATIONS

2.     This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3.     This Court is the proper court and this action is properly filed in the County of Ventura and in this judicial district because Defendants do business in the County of Ventura, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Ventura is the subject of this action.

4.     This complaint contains causes of action brought pursuant to Labor Code § 2698, et seq. which allows Plaintiff to sue on behalf of the State of California Labor and Workforce Development Agency ("LWDA") as a Private Attorney General. Pursuant to Labor Code § 2699(i), 75% of any penalties recovered under this third type of action will be paid to the LWDA, with the Plaintiff receiving the remaining 25%.

5.     Private Attorney General Act causes of action do not require class certification.

6.     The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

COMPLAINT FOR LABOR VIOLATIONS

7.     Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.  The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

## PARTIES

8.     Plaintiff JOSHUA GOLD ("GOLD") was jointly employed by Defendants from April 23, 2006 through June 26, 2009.

9.     Defendant BANK OF AMERICA, NATIONAL ASSOCIATION ("BOA") is a United States corporation doing business in the County of Ventura, State of California.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

10.     Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act ("PAGA") of 2004,  Plaintiff is entitled to recover civil penalties on behalf of himself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

11.     Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212.  These sections are all listed in Cal. Labor Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

12.     Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint.  He brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

13.     Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above

COMPLAINT FOR LABOR VIOLATIONS

1  mentioned code violations with facts to support each allegation. The certified mail

2  was postmarked September 30, 2009.  A copy of this notification is attached as

3  Exhibit A.

4      14.    The LWDA has failed to notify Plaintiff that they intent to investigate

5  the allegations, and more than 33 days have elapsed since notice was sent.  As such,

6  Plaintiff may commence a civil action pursuant to Cal. Labor Code § 2699.

7      15.    Cal. Labor Code § 2699(i) requires that any civil penalties be split with

8  75% paid to the LWDA and 25% paid to Plaintiff.

9      16.    The PAGA causes of action are brought for labor violations committed

10  on the following group of AGGRIEVED EMPLOYEES: All hourly employees

11  working for BOA at the branch located at 23717 Malibu Rd.

12                  **FIRST CAUSE OF ACTION**

13  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

14      **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**

15                          **LABOR CODE**

16                  **(AGAINST BOA and DOES 1-5)**

17      17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

18  16.

19      18.    This cause of action is brought against BOA and DOES 1-5, jointly and

20  individually.

21      19.    Pursuant to Industrial Welfare Commission Order No. 4-2001,

22  California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's

23  employment, Defendants were required to compensate Plaintiff for all overtime,

24  which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

25  worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)

26  times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

27  of hours worked in excess of eight (8) on the seventh consecutive work day in a

28  week.

20. Plaintiff GOLD worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

21. Plaintiff GOLD was entitled to the above overtime premiums.

22. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

23. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

24. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

25. Plaintiff GOLD worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

26. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

27. As a proximate result of Defendants' violations, Plaintiff GOLD has been damaged in an amount in excess of $23,900 and subject to proof at time of trial.

28. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff GOLD is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

### UNDER LABOR CODE SECTION 226

### (AGAINST BOA and DOES 1-5)

29. Plaintiff refers to and incorporates by reference Paragraphs 1 through 28.

30. This cause of action is brought against BOA and DOES 1-5, jointly and individually.

31. Pursuant to Labor Code § 226, every employer must furnish each

1  employee an itemized statement of wages and deductions at the time of payment of

2  wages.

3      32.     Defendants knowingly and intentionally furnished Plaintiff pay stubs

4  that did not accurately reflect all the information required by Labor Code § 226.

5      33.     Plaintiff suffered injury from the lack of proper information on the pay

6  stubs provided by Defendants.

7      34.     Plaintiff suffered injury under this cause of action within a period of one

8  (1) year prior to the initiation of this lawsuit.

9      35.     Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment

10 against Defendants in an amount subject to proof at trial plus costs and attorney fees.

11                      **THIRD CAUSE OF ACTION**

12    **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

13                      **(AGAINST BOA and DOES 1-5)**

14     36.     Plaintiff refers to and incorporates by reference Paragraphs 1 through

15 35.

16     37.     This cause of action is brought against BOA and DOES 1-5, jointly and

17 individually.

18     38.     Plaintiff's employment with Defendants was terminated on June 26,

19 2009.

20     39.     Defendants willfully refused and continue to refuse to pay Plaintiff

21 GOLD unpaid wages as required by Labor Code § 203.  Defendants know that the

22 pay is due and are refusing to pay it.

23     40.     Plaintiff GOLD requests damages and penalties as provided by Labor

24 Code § 203 in the amount of $4,615 and subject to proof at time of trial.

25                      **FOURTH CAUSE OF ACTION**

26    **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207**

27                **and § 216 (AGAINST ALL DEFENDANTS)**

28     41.     Plaintiff refers to and incorporates by reference Paragraphs 1 through

1   40.

2       42.    This cause of action is against all Defendants, jointly and individually.

3       43.    Plaintiff is informed and believes and hereon alleges that Defendants are

4   subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

5   and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

6   times the regular rate of  pay for hours worked in excess of forty (40) hours in a

7   week and an equal additional amount as liquidated damages, as well as costs and

8   attorney's fees.

9       44.    Plaintiff worked numerous weeks in excess of forty (40) hours.

10      45.    Plaintiff was entitled to the above overtime premiums.

11      46.    Defendants failed to compensate Plaintiff for any overtime premiums.

12      47.    This court has jurisdiction over this cause of action because the federal

13  statute specifically grants the employee the right to bring the action in "any Federal

14  or State court of competent jurisdiction." 29 U.S.C. § 216(b).

15      48.    Plaintiff worked at least one week in which overtime premiums were

16  not paid by Defendants under the Fair Labor Standards Act within the two (2) years

17  prior to initiating this lawsuit.

18      49.    Plaintiff's individual employment is covered by the terms of the Fair

19  Labor Standards Act.

20      50.    Defendant BOA was the employer of Plaintiff, as the term "employer"

21  is defined in the Fair Labor Standards Act.

22      51.    Defendant BOA was an enterprise covered by the provisions of the Fair

23  Labor Standards Act for the entire time of Plaintiff's employment.

24      52.    Defendant BOA conducted business with a total gross sales volume in

25  excess of $500,000 for each and every twelve (12) month period in which Plaintiff

26  was employed.

27      53.    Defendant BOA employed at least two (2) employees during each and

28  every 12 month period in which Plaintiff was employed.

1    54.   DOES 1-10 were the employer of Plaintiff, as the term "employer" is

2  defined in the Fair Labor Standards Act.

3    55.   Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

4    56.   Plaintiff prays for judgment for overtime pay of $23,900. This amount

5  is subsumed by the overtime pay claimed in the First Cause of Action.

6    57.   Plaintiff prays for judgment for liquidated damages in the amount of

7  $23,900. This amount is supplemental to the relief requested in all other causes of

8  action.

9    58.   Plaintiff prays for costs and attorney's fees.

10               **FIFTH CAUSE OF ACTION**

11    **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

12               **CODE SECTION 17200**

13           **(AGAINST BOA and DOES 1-5)**

14    59.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

15  58.

16    60.   This cause of action is brought against BOA and DOES 1-5, jointly and

17  individually.

18    61.   By failing to pay overtime premiums, Defendants' acts constitute unfair

19  and unlawful business practices under Business and Professions Code § 17200, et

20  seq.

21    62.   Plaintiff GOLD prays for restitution under this Cause of Action in an

22  amount subject to proof at time of trial.

23               **SIXTH CAUSE OF ACTION**

24       **FAILURE TO PROVIDE PAY RECORDS**

25           **(AGAINST BOA and DOES 1-5)**

26    63.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

27  62.

28    64.   This cause of action is brought against BOA and DOES 1-5, jointly and

1  individually.

2      65.    Pursuant to Labor Code § 226, employers must provide employees an

3  opportunity to inspect or copy records upon request.

4      66.    Plaintiff requested his pay records in accordance with Labor Code § 226

5  on July 20, 2009.

6      67.    Defendants have failed to provide Plaintiff with an opportunity to

7  inspect or copy his records within 21 days.

8      68.    Pursuant to Labor Code § 226, Plaintiff prays for judgment against

9  Defendants in the amount of $750, costs and attorney fees.

10      69.    Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring

11  Defendants to provide Plaintiff with all pay records under Labor Code § 226.

12               **SEVENTH CAUSE OF ACTION**

13         **CIVIL PENALTIES FOR OVERTIME VIOLATIONS**

14               **(AGAINST ALL DEFENDANTS)**

15      70.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

16  69.

17      71.    This cause of action is brought against all Defendants jointly and

18  individually.

19      72.    Plaintiff GOLD is informed and believes that all AGGRIEVED

20  EMPLOYEES of Defendants were not properly paid overtime in violation of Cal.

21  Lab. Code §§ 510 and 558.

22      73.    At least one such violation against an AGGRIEVED EMPLOYEE

23  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

24  LWDA.

25      74.    Cal. Labor Code § 558 provides that an "employer or other person

26  acting on behalf of an employer" who causes such a violation will be subject to a $50

27  penalty for each pay period for each employee.

28      75.    Cal. Labor Code § 2699(g) provides that any "employee who prevails in

COMPLAINT FOR LABOR VIOLATIONS

1  any action shall be entitled to an award of reasonable attorney's fees and costs."

2       76.    Plaintiff GOLD prays for civil penalties in an amount in excess of

3  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

4  **EIGHTH CAUSE OF ACTION**

5  **CIVIL PENALTIES FOR BREAK VIOLATIONS**

6  **(AGAINST ALL DEFENDANTS)**

7       77.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

8  76.

9       78.    This cause of action is brought against all Defendants jointly and

10  individually.

11       79.    Plaintiff GOLD is informed and believes that all AGGRIEVED

12  EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7,

13  512 and 558.

14       80.    At least one such violation against an AGGRIEVED EMPLOYEE

15  occurred within the period of time one (1) year prior to Plaintiff giving notice to the

16  LWDA.

17       81.    Plaintiff GOLD prays for civil penalties in an amount in excess of

18  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

19  **NINTH CAUSE OF ACTION**

20  **CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS**

21  **(AGAINST BOA and DOES 1-5)**

22       82.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

23  81.

24       83.    This cause of action is brought against BOA and DOES 1-5, jointly and

25  individually.

26       84.    Cal. Labor Code § 226(a)(9) requires that the employer provide a pay

27  stub that lists "all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each hourly rate by the employee."

85.   Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

86.   Plaintiff GOLD is informed and believes that Defendants failed to comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

87.   At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

88.   Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

89.   Plaintiff GOLD prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## TENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILING TO KEEP RECORDS

### (AGAINST BOA and DOES 1-5)

90.   Plaintiff  refers to and incorporates by reference Paragraphs 1 through 89.

91.   This cause of action is brought against BOA and DOES 1-5, jointly and individually.

92.   California Code of Regulations, Title 8, § 11040 requires that the employer keep track of the start and stop time of each shift and the start and stop time for each meal break.

93.   Plaintiff GOLD is informed and believes that Defendants willfully failed to keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

94.   At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

95.   Cal. Lab. Code § 1174(d) required employers to keep accurate records as required by the Wage Order, and as such is actionable under Cal. Lab. Code §

1 | 2698, et seq.

2 | 96.   Plaintiff GOLD prays for civil penalties in an amount in excess of $500
3 | and subject to proof at time of trial, costs and reasonable attorney's fees.

4 |

5 | **WHEREFORE**, Plaintiff prays for the following relief:

6 |
7 | 1.  Damages for overtime not paid to Plaintiff GOLD in an amount in excess
8 | of $23,900 and subject to proof at trial.

9 | 2.  For liquidated damages in the amount in excess of $23,900 and subject to
10 | proof at trial.

11 | 3.  For damages and penalties under Labor Code § 226 for Plaintiff GOLD in
12 | an amount subject to proof at trial.

13 | 4.  For penalties and damages pursuant to Labor Code § 203 for Plaintiff
14 | GOLD in an amount of $4,615 and subject to proof at trial.

15 | 5.  For $750 for failure to allow Plaintiff to inspect or copy records in a timely
16 | manner.

17 | 6.  For restitution and disgorgement for all unfair business practices against
18 | Plaintiff GOLD in an amount subject to proof at trial.

19 | 7.  For prejudgment and post judgment interest.

20 | 8.  Civil penalties under the Private Attorney General Act in an amount in
21 | excess of $400,000 and subject to proof at trial.

22 | 9.  Cost of suit.

23 | 10. Attorneys' fees.

24 | 11. For such other and further relief as the court may deem proper.

25 |
26 |
27 |
28 |

DATED:  November 4, 2009          LAW OFFICES OF MICHAEL TRACY

                         By: _____
                              MICHAEL TRACY, Attorney for Plaintiff
                              JOSHUA GOLD

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED:  November 4, 2009          LAW OFFICES OF MICHAEL TRACY

                         By: _____
                              MICHAEL TRACY, Attorney for Plaintiff
                              JOSHUA GOLD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV09- 8169 MMM (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---


COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSHUA GOLD, an individual, on behalf of himself and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General

**DEFENDANTS**
BANK OF AMERICA, NATIONAL ASSOCIATION, A UNITED STATES CORPORATION; and DOES 1 through 10, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael Tracy SBN 237779    Megan Ross Hutchins SBN 227776
Law Office of Michael Tracy
2030 Main Street, Ste 1300, Irvine, CA 92614

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 425,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. section 201 Failure to Pay Overtime

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09  08169**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  11/5/2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |